**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMETEILUS GREENE,

        Petitioner,

v.                                                     Case No. 04-73926

PAUL RENICO,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND FOR DISCOVERY**

This matter is before the court on Petitioner's motions for appointment of counsel and discovery in this recently re-opened habeas action. Petitioner has submitted his amended habeas petition. Respondent has recently filed an answer to the amended petition and the state court records.

Petitioner first requests appointment of counsel claiming that his legal issues are complex and that he is unable to afford counsel or obtain help from fellow inmates. Petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted his pleadings in support of his claims. Neither

an evidentiary hearing nor discovery are necessary at this time, *see* discussion *infra*, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Petitioner also requests discovery as a prerequisite for an evidentiary hearing. In particular, he seeks the re-testing of ballistic evidence. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. 28 U.S.C. foll. § 2254, Rule 5. The court may also require that the record be expanded to include additional materials relevant to the determination of the habeas petition. 28 U.S.C. foll. § 2254, Rule 7. Rule 8 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Petitioner's motion for discovery was filed after Respondent filed the state court materials, but Petitioner has not shown that additional materials or an evidentiary hearing are necessary for the proper resolution of this matter at this time. Moreover, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a habeas court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). Petitioner has not made the requisite showing of "good cause" that the requested items are necessary for the disposition of this case.

2

The court will bear in mind Petitioner's requests if, upon further review of the pleadings and the state court record, the court determines that appointment of counsel, discovery, or an evidentiary hearing are necessary. Petitioner need not file additional motions concerning such matters. Accordingly,

IT IS ORDERED that Petitioner's "Motion to Appoint Counsel" [Dkt. #25] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Compel Discovery" [Dkt. #26] is DENIED.

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: August 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 4, 2010, by electronic and/or ordinary mail.

                                               s/Lisa G. Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522